UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION
BY SPECIAL APPEARANCE

STEVEN FRANCIS D'AMICO /"s"
Steven Francis D'Amico,
Plaintiff/Claimant/Beneficiary,

v.                                                                Claim no: _____

FIDELITY BROKERAGE SERVICES LLC, et al.,
Defendant.

CAUSE OF ACTION AGAINST DEFENDANT FIDELITY BROKERAGE SERVICES LLC FOR UNLAWFUL CONVERSION OF MONETARY ASSETS, BAD FAITH CONDUCT, AND BREACH OF FIDUCIARY DUTY CLAIM OF PLAINTIFF CLAIMANT BENEFICIARY STEVEN FRANCIS D'AMICO /"s" Steven Francis D'Amico

1. COMES NOW BY DECREE PLAINTIFF CLAIMANT BENEFICIARY STEVEN FRANCIS D'AMICO /"s" Steven Francis D'Amico, Attorney In Fact, Third Party Intervener, by Special Appearance having authority United States Constitution, Article III, Section 2, case of law and equity, Article VII, suits of common law, who Reserves all rights without prejudice UCC-1-308, sets forth this True Bill Affidavit Claim Presentment on this 31 day of May 2022. Having just valid cause, constitutional standing, meritorious claim, supported by Prima-Facie evidence - Record of Authority - Self perfected - Established - Acknowledged - Admitted - Undisputed - Accepted at face value - Acquiesced In full by voice of written reply response - non reply response [T]HERE BY constitutes presumption of guilt UCC-1-210, as it equates to Tacit Admission to claims presented to Defendant FIDELITY BROKERAGE SERVICES LLC, et al., self matured stands called due in full.

1 of 28

2. IN THROUGH BY Cause of Action Decree, True Bill Affidavits under oath, proof of claim presentment Claim Notice with Affidavit tendered December 13, 2021 (EXHIBIT-A); Second Claim Notice with Affidavit tendered February 7, 2022 (EXHIBIT-B). Plaintiff Claimant Beneficiary STEVEN FRANCIS D'AMICO/"s" Steven Francis D'Amico sets forth constitutional claim Remedy Relief Cure Settlement backed by Supreme Law, United States Constitution, Article VI, invokes pro se litigant leniency standard, HINES v. KERNER, 404 U.S. 519, 520 S.Ct. 594, 30 L.Ed. 2d 652 (1972). No more than an affidavit is needed to establish a prima-facie evidence case claim cause of action to Compell Remedy Relief Cure Settlement, Notice to Agent is Notice to Principle, Notice to Principle is Notice to Agent. United STATES v. KIS, 658 F.2d 526; UNITED STATES v. LaSALLE NAT. BANK, 437 U.S. pg 316-89 S.Ct. 2367 (1978).

## STATEMENT OF FACTS

3. **PROOF OF CLAIM**: Plaintiff Claimant Beneficiary STEVEN FRANCIS D'AMICO/"s" Steven Francis D'Amico, DECREES Defendant FIDELITY BROKERAGE SERVICES LLC, et.al., by and through Anonymous Agents, contrived and perpetrated fraud, converted assets, covered up bad faith conduct, and breached fiduciary duty owed to Claimant D'AMICO, a Florida prisoner. For over a decade, Claimant notified agents of defendant of need for an accounting of, and access to assets for which he is registered sole principle beneficiary. These notices to Defendant FIDELITY were even notarized on at least three (3) separate occassions, to assure identity of Claimant D'AMICO.

4. Anonymous Fidelity Agents responded in bad faith to these claim Notices for an accounting of and access to assets owed by Claimant D'AMICO. Fidelity Agents refused to provide an accounting and access to Claimant under guise of "Security" concerns. These nameless agents made insurmountable demands Claimant

D'AMICO had to relinquish authority over his assets to a "Trusted" friend or family member or an attorney. FIDELITY was notified by Claimant D'AMICO, of his inability to meet this demand, and Claimant requested FIDELITY provide an alternative, such as an assignment of a Specific Power of Attorney to a FIDELITY agent.

5. Need for access to assets became more urgent on July 18, 2019 when Claimant D'AMICO was served with Foreclosure complaint styled BRANCH BANKING AND TRUST COMPANY v. STEVEN D'AMICO, et al., Claim number CACE 19-013818 filed in Seventeenth Judicial Circuit Court, Broward County, Florida. (EXHIBIT-C) Following notice of foreclosure, Claimant D'AMICO pressed his efforts to access his assets held by FIDELITY in order to resolve foreclosure of his home containing all his possessions.

6. Anonymous FIDELITY Agent responded to urgent notice of Claimant D'AMICO with August 10, 2020 letter. Agent for FIDELITY stated, "We are unable to provide copies of your account statement to a Correctional Institution due to privacy concerns," and "We still require you appoint a trusted friend or family member to be your POA... (or) an attorney." (EXHIBIT-A, DOC-2).

7. In this letter, Claimant discovered FIDELITY unlawfully allowed Michael A. Posner to make unauthorized transactions involving assets in accounts at issue. Fidelity Agent stated, "... please note, Michael A. Posner was never officially appointed as a Power of Attorney (POA) over your accounts since paperwork was not in good order." (EXHIBIT-A, DOC-2)

8. Claim Notice Fraud Perpetrated Against Principle STEVEN FRANCIS D'AMICO/'s" Steven Francis D'Amico By Anonymous Agents of FIDELITY BROKERAGE SERVICES, LLC, et al. was tendered by Claimant after discovery of unauthorized access to very assets at issue on December 13, 2021. Claimant provided Florida

Department of Correction face sheet identification, Fidelity letter dated August 10, 2020, and affidavit with notarized Claim Notice. (EXHIBIT-A, DOC-1, DOC-2, DOC-3).

9. Anonymous Agent of Defendant FIDELITY responded to Claim Notice in letter dated December 29, 2021. In it Claimant discovered accounts of assets registered solely in his name, were closed secretly seven (7) years ago. Agent stated, "Fidelity elected to close your accounts in 2015, under terms and conditions stated in customer agreement." (EXHIBIT-B, DOC-4).

10. Agent no longer demanded Claimant D'AMICO relinquish authority over his assets to a POA. Now a useless concession is stated, "As previously stated, we will process a bank wire distribution. In order to make this request, we will need a notarized letter of instruction." (EXHIBIT-B, DOC-4).

11. Agent also stated, "Based on our review, compensation from Fidelity is not warranted. We consider this matter closed until such time as you provide the notarized letter of instruction we require. Otherwise, we will not be responding to future inquires regarding this topic." (EXHIBIT-B, DOC-4).

12. Second Claim Notice Fraud Perpetrated Against Principle STEVEN FRANCIS D'AMICO/"s" Steven Francis D'Amico By Anonymous Agents FIDELITY BROKERAGE SERVICE, LLC. et al., was tendered on February 7, 2022, by Claimant after he discovered Defendant secretly closed his account. Claimant provided Florida Department of Corrections face sheet identification, First Claim Notice cover page, an affidavit, Fidelity letter dated December 29, 2021 with notarized Second Claim Notice. (EXHIBIT-B, DOC-1, DOC-2, DOC-3, DOC-4) Defendant FIDELITY failed to respond to allegations in Second Claim Notice. (EXHIBIT-D, Registered Mail

# CLAIM

13. Defendant FIDELITY, through anonymous agents, employed deceptive practices in bad faith and breached fiduciary duty to Claimant D'Amico as follows:

- FIDELITY dishonored all requests for an accounting of assets made by Claimant under false pretense of "Security Concerns."
- FIDELITY demanded Claimant relinquish authority over his assets to a POA; a demand agents knew prevented Claimant from gaining access to his assets.
- FIDELITY permitted an individual with no legal authority, gain access to assets of Claimant.
- FIDELITY secretly converted assets owned by Claimant under "terms and conditions stated in customer agreement."
- FIDELITY made useless offer to wire transfer assets to a bank account registered in name of Claimant upon receiving notarized instructions; when assets were already in an account registered in name of Claimant.

14. None of these bad faith actions of Anonymous Agents of FIDELITY were in best interest of Claimant D'AMICO. Agents offered no viable options which permitted Claimant access to urgently needed assets registered in his name. Rather than offer assistance to Claimant, Agents covered-up their malfeasant conduct by not providing an accounting of assets. Claimant D'Amico has been kept from obtaining an account balance, account numbers, and account history of assets at issue. Anonymous Agents of Defendant FIDELITY showed complete disregard for best interest of Claimant and in essence defrauded him of his assets.

15. Defendant FIDELITY dishonored its fiduciary duty to provide an accounting, deal honestly, and act in best interest of Claimant D'AMICO. Anonymous Agents deceived, covered-up, obstructed and defrauded Claimant. They used false pretense of "Security Concerns" to keep Claimant ignorant and "terms and conditions of agreement" to secretly convert assets owned by Claimant. Agents never offered any useful assistance to Claimant in over a decade.

16. Defendant FIDELITY was tendered two notarized claim notices with two separate attached affidavits sworn to under penalties of perjury by Claimant D'AMICO. Affidavit dated November 17, 2021 alleged FIDELITY Agents acted in bad faith, obstructed every effort to obtain information, and acted contrary to best interests of Claimant D'AMICO. Every attempt to obtain information on extent of thefts by any unauthorized individual and gain access to urgently needs assets were thwarted. Fidelity was notified by Claimant of his inability to assign authority over his assets to a POA, and requested an alternative to this insurmountable demand. FIDELITY was notified of urgent need to access his assets to remedy/cure his unlawful incarceration, foreclosure action on house, loss personal property, and actual/proximate damages in excess of seven hundred and fifty thousand dollars, suffered by Claimant D'AMICO caused by bad faith acts, and fraud.

17. Affidavit dated January 13, 2022 alleged for over a decade FIDELITY was informed of detrimental financial and psychological effects suffered by Claimant D'AMICO caused by depriving him of an accounting and access to urgently needed assets to cure foreclosure of house, obtain counsel to get released from unjust incarceration, and obtain creature comforts. Anonymous Agents maintained insurmountable, harmful demands and provided no alternative. Copies of account statements were not provided under false pretense of "privacy concerns." Copies of account statements were

in reality denied, to cover-up unauthorized transactions. This deceitful concealment was intended to also cover-up conversion of assets by FIDELITY seven years ago.

18. Defendant FIDELITY did not refute, dispute, or deny allegations made point by point with any specific facts. Silence in face of accusation can only be construed as Tacit Admission of charges made by facts in notice affidavits tendered by Claimant D'Amico. "Given SEC's failure to refute any of concrete facts set forth in Reeds affidavit, Court has no choice but to treat those facts as undisputed." SEC v. JOHNSON, 534 F. Supp. 2d 63 (U.S.D.C. District of Columbia 2008). The court views Plaintiff's failure to refute allegation as an admission. Hillard v. Int'l City/County Mgmt. Ass'n Ret. Corp., 2011 U.S. Dist. Lexis 168333.

19. The undisputed facts contained in First and Second Claim Notices affidavits, are prima-facie evidence of bad faith, malfeasant conduct of Anonymous Agents of FIDELITY, which breached fiduciary duty owed to Claimant D'AMICO, and caused actual and proximate harm, injury, damages in excess of seven hundred and fifty thousand dollars ($750K) to Claimant.

## RESOLUTION SOUGHT

20. Defendant FIDELITY BROKERAGE SERVICES LLC. et al., be compelled to provide a full accounting of assets and complete access to assets in accounts registered to Plaintiff Claimant Principle STEVEN FRANCIS D'AMICO/"s" Steven Francis D'Amico; Compensation for undisputed actual and proximate harm, injury, and damages in excess of seven hundred and fifty thousand dollars ($750K) claimed be awarded. In addition, FIDELITY should be subjected to punitive measures for bad faith breach of fiduciary duty in what amounted to fraudulent conversion of assets owed by and cover-up of malfeasant actions against Claimant D'AMICO by Anonymous Agents of Fidelity.

CAVET - JUDICIAL NOTICE - MEMORANDUM OF RECORD

21. Defendant FIDELITY breached fiduciary duty, acted in bad faith, converted assets, and harmed claimant D'AMICO. United States Constitution, Article VII, mandates, in suits at common law, where value exceed twenty dollars, right to trial by jury SHALL be preserved. Article III, Section 2, mandates, Judicial power SHALL extend to all cases in law and equity, arising under this constitution. Federal Rule Civil Procedure 17(b) states, Capacity to sue is a substantive right. Title 28 USC, Section 2072, Rules of Procedure and Evidence granted U.S. Supreme Court power to prescribe general rules of practice and procedures for evidence in cases in U.S.D.C.. However, such rules SHALL not abridge, enlarge, or modify any substantive right. Delegation of this power, does not exempt District Courts from this prohibition. "Where rights secured by Constitution are involved, there can be no rule making or legislation which abrogate them." MIRANDA V. ARIZONA, 384 U.S. 436, 491 (1966).

VERIFICATION _____Steven D'Amico_____

STATE OF FLORIDA
COUNTY OF DIXIE

SWORN to and Subscribed before me this 31 day of May 2022, by Steven D'Amico

_____Signature, Notary State Florida_____

Personally Known ___ or produced I.D. X   Type of I.D. produced State ID

For an acknowledgment in a representative capacity.

KEVIN AMERSON
Notary Public
State of Florida
Comm# HH037827
Expires 8/31/2024

Print/Stamp Commissioned Notary

_____Steven D'Amico_____
Steven Francis D'Amico, Attorney In Fact
Third Party Intervener, Who reserves
all rights without prejudice UCC-1-308

8 of 28